IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00907-PAB-KLM

ESTATE OF HERMAN ORTIZ,

    Plaintiff,

v.

LITHIA MOTORS, INC., d/b/a Lithia Dodge of Cherry Creek, and
LITHIA CHERRY CREEK DODGE, INC., d/b/a Lithia Dodge of Cherry Creek,

    Defendants.

_____

**ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT**
_____

This Title VII civil rights case is presently before the Court on defendants Lithia Motors, Inc. and Lithia Cherry Creek Dodge, Inc.'s motion [Docket No. 30] to set aside the Clerk's entry of default.  This case arises under the Court's jurisdiction over federal questions.  *See* 28 U.S.C. § 1331 (2006).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, the Estate of Herman Ortiz, filed this Title VII employment discrimination case against defendants Lithia Motors, Inc., d/b/a Lithia Dodge of Cherry Creek, and Lithia Cherry Creek Dodge, Inc., d/b/a Lithia Dodge of Cherry Creek, alleging "that Defendants created and tolerated a hostile work environment based on national origin for Herman Ortiz and for other minority employees at its Cherry Creek Dodge location." Compl. under Title VII and Jury Trial Demand [Docket No. 1] ¶ 2.

The essential components of the procedural history in this case can be summarized as follows: On May 1, 2008, plaintiff filed a complaint with this Court

[Docket No. 1].  Plaintiff asserts that on September 29, 2008, defendants were served personally with the complaint and a summons pursuant to Federal Rule of Civil Procedure 4.  *See* Mot. for Default [Docket No. 25], exs. 1-2.  According to plaintiff, service was effectuated through defendants' registered agent in Colorado, the CT Corporation.  However, Emily Barnhard, an employee of CT Corporation, has attested by sworn affidavit that CT Corporation has no record of being served with the complaint and summons.  *See* Defs.' Mot. to Set Aside Entry of Default [Docket No. 30], ex. 1 (3/11/09 Aff. of Emily Barnhard).

On November 4, 2008, the Clerk of the Court denied plaintiff's motion for default judgment [Docket No. 16] due to deficiencies in the record regarding service of the defendants [Docket No. 23].  The Clerk sent notice of that denial to CT Corporation. CT Corporation informed the Court by letter soon thereafter that because the notice did not specify to which of the listed parties it was directed, CT Corporation did not forward the notice to any of the listed parties.  *See* Letter [Docket No. 24]; Defs.' Supplemental Ex. to Defs.' Reply to Pl.'s Resp. to Defs.' Mot. to Set Aside Entry of Default [Docket No. 35], ex. 1 (4/6/09 Aff. of Emily Barnhard).

On February 4, 2009, plaintiff filed a second motion for default attempting to correct the previous deficiencies [Docket No. 25].  On February 6, 2009, the Clerk of the Court entered default against both of the defendants [Docket No. 26].  On February 10, 2009, CT Corporation received notice of the Clerk's entry of default.  *See* Defs.' Mot. to Set Aside Entry of Default [Docket No. 30], ex. 1 (3/11/09 Aff. of Emily Barnhard).  According to defendants, the February 6, 2009 Entry of Default was the first notice they received of this case.  Defendants claim that neither they nor CT

Corporation were served with plaintiff's summons and complaint. To date, defendants have not filed a responsive pleading or otherwise responded to plaintiff's complaint.

**II. ANALYSIS**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under what appeared to be valid service, the Clerk of Court entered default against the defendants after they failed to plead or otherwise defend the case against them. However, there is sufficient evidence now on record to suggest that plaintiff's service of the defendants was deficient and that it is appropriate to set aside the Clerk's entry of default. Contrary to plaintiff's assertions, CT Corporation's receipt of the November 4, 2008 Clerk's Note and the February 6, 2009 Entry of Default are not sufficient to cure the apparent deficiencies in service of the complaint and summons.

Rule 55(c) permits a court to "set aside an entry default for good cause." "[T]he principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Mountain States Mut. Cas. Co. v. Kirkpatrick*, No. 06-cv-00221-WDM-MEH, 2006 WL 2092073, at *1 (D. Colo. July 25, 2006) (quoting *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished table opinion)). However, a court need not consider all of these factors and it may consider others. *See id.*

In the present case, the factors cited above favor the setting aside of the Clerk's entry of default against the defendants. First, the entry of default was premised upon what appears to be faulty service rather than the culpable conduct of the defendants. In fact, although the case has not progressed in the year since plaintiff first filed his complaint, little, if any, of that delay can be attributed to the defendants. Second, plaintiff has not identified any undue prejudice that it will suffer by the setting aside of the Clerk's entry of default, nor can the Court identify any. Finally, the apparent deficiency in service in this case provides defendants with an adequate and meritorious defense. *See Registry Sys. Int'l, Ltd. v. Keeling*, No. 08-cv-00495-PAB-MJW, 2009 WL 42479, at *2 (D. Colo. Jan. 6, 2009).

In addition to evaluating the defendants' behavior preceding the entry of default, it is also appropriate to consider the plaintiff's actions. Here, plaintiff has demonstrated a lack of attentiveness to this case. After the check for his filing fee to the Court was declined, plaintiff did not correct the deficiency for three months. Furthermore, he has admitted to a lack of diligence in effecting service on the defendants in this case. *See* Mot. to Continue Scheduling/Planning Conference [Docket No. 6] at 1 (requesting an additional fifty days to complete service because "[f]or some reason, the summons and complaint were not provided to the process server to be served on the Defendants" (motion denied as moot)); Mot. to Continue Scheduling/Planning Conference [Docket No. 11] at 1-2 (seeking *ex post facto* thirty-five-day extension to complete service, in part because "[c]ounsel had assumed that service would be accomplished, but was not as attentive as he should have been because of some personal medical issues . . .").

Finally, plaintiff's first motion for default in this case was denied because his reporting of the service of the defendants was lacking.

Considering plaintiff's track record regarding service in this case, the testimony of CT Corporation personnel, and the strong preference for the resolution of cases on their merits rather than by default, *see In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991), I find that good cause exists for setting aside the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c).  Therefore, it is

**ORDERED** that defendants Lithia Motors, Inc. and Lithia Cherry Creek Dodge, Inc.'s motion [Docket No. 30] to set aside the Clerk's entry of default is GRANTED.  The entry of default [Docket No. 26] is set aside.  It is further

**ORDERED** that plaintiff, on or before **June 1, 2009**, shall effect service of the Summons and Complaint upon defendants and file proofs of service thereof with the Court.  Failure to do so may result in dismissal of this action.  It is further

**ORDERED** that plaintiff's Motion for Default Judgment [Docket No. 31] is DENIED as moot.

DATED May 5, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge